UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| RONALD LAMONT DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-cv-200 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| MICHIGAN DEPARTMENT OF CORRECTIONS et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's claims against the MDOC on immunity grounds, except for his claim under Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12131 *et seq*. The Court also will dismiss Plaintiff's ADA claim against Defendants Bonn and Purves in their individual capacities. In addition, the Court will

dismiss Plaintiff's Fourteenth Amendment due process and Eighth Amendment claims for failure to state a claim. The Court will order service of Plaintiff's remaining claims.

## Discussion

    I.    Factual allegations

Plaintiff is incarcerated in the Mound Correctional Facility, but the events giving rise to his complaint occurred while he was at the Riverside Correctional Facility (RCF). In his *pro se* complaint, Plaintiff sues RCF Classification Director Allen Bonn and RCF Food Service Director Brad Purves.

Plaintiff claims that he suffers from "scolotic curvature of [his] spine, diffuse degenerative disc, and disc bulging." (Compl., 6.) As a result of his spinal abnormalities, he is unable to stand fully erect and requires the use of a walking cane. Plaintiff also takes medication to manage his high blood pressure. Due to his medical conditions, Plaintiff received a special medical accommodation for "light duty." On June 10, 2006, the RCF Classification Director at that time, (unknown) Black, gave Plaintiff a job assignment in the Food Service Department. Plaintiff claims that Defendant Purves terminated him two days later because Purves did not want a disabled person or a person with a cane working in his kitchen. Plaintiff filed a grievance against Purves asserting a violation of his rights under the ADA. After conducting an investigation, Assistant Deputy Warden Anthony Stewart reinstated Plaintiff to his job in Food Service with back pay for the days he missed.

After Plaintiff returned to his job in Food Service, Defendant Purves told Plaintiff that he did not want Plaintiff in his kitchen and that he was angry at Plaintiff for writing a grievance against him. Purves further stated that soon as Mrs. Black left to take another job in Lansing, Purves would fire Plaintiff and make sure that he was not reinstated. Over the next four months, Plaintiff

worked in Food Service and received good work reports from his supervisor. However, on October 26, 2006, Purves again terminated Plaintiff from his job. Defendant Bonn, the new Classification Director, issued a memo on November 1, 2006, stating that prisoners with a light duty accommodation may be classified to the following work assignments: (1) tutor, (2) clerk, (3) library, (4) Law Library and (5) other positions deemed applicable by the Classification Director. (Compl., Ex. I.) The same day, Plaintiff wrote a grievance against Bonn, Purves and others for violation of his rights under the ADA. Defendant Bonn interviewed Plaintiff regarding his grievance on November 9, 2006. Bonn told Plaintiff that it would be best for him to sign off on the grievance if Plaintiff wanted to be employed at RCF. Plaintiff responded that he would only sign off on the grievance if he was reinstated to his job in Food Service. Bonn refused to reinstate Plaintiff to his job, stating that a person with Plaintiff's disability had no business working in Food Service. Bonn further threatened that Plaintiff would not get a work assignment of any kind until he signed off on the grievance. Plaintiff again refused to sign off on the grievance. As Plaintiff left Bonn's office, Bonn told him to enjoy being unemployed.

Plaintiff claims that Defendants violated his rights under Title II of the ADA, his Fourteenth Amendment due process and equal protection rights, and his Eighth amendment rights. He also contends that Defendants Bonn and Purves retaliated against him for filing grievances against them in violation of the First Amendment. Plaintiff seeks injunctive relief, as well as compensatory and punitive damages against the MDOC. He also seeks monetary damages against Defendants Bonn and Purves.

II.     Immunity

Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived

immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). With regard to civil rights suits, Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that civil rights actions against the MDOC are barred by the Eleventh Amendment. *See, e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). Petitioner, therefore, may not maintain a § 1983 civil rights action against the MDOC.

Petitioner, however, may be able to maintain his claim under the ADA. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." § 12132. A " 'qualified individual with a disability' " is defined as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." § 12131(2). The Act defines " 'public entity' " to include "any State or local government" and "any department, agency, . . . or other instrumentality of a State," § 12131(1). The Supreme Court held that this term includes state prisons. *See Penn. Dept. of Corr. v. Yeskey,* 524 U.S. 206, 210 (1998). Title II authorizes suits by private citizens for money damages

against public entities that violate § 12132. *See* 42 U.S.C. § 12133 (incorporating by reference 29 U.S.C. § 794a).

In enacting the ADA, Congress "invoke[d] the sweep of congressional authority, including the power to enforce the fourteenth amendment . . . ." 42 U.S.C. § 12101(b)(4). Moreover, § 12202 of the Act provides that "[a] State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in [a] Federal or State court of competent jurisdiction for a violation of this chapter," which the Supreme Court has interpreted as "an unequivocal expression of Congress's intent to abrogate state sovereign immunity." *Bd. of Trustees of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363-364 (2001). The Supreme Court further held in *United States v. Georgia*, 126 S. Ct. 887, 881 (2006), that Title II of the ADA validly abrogates state sovereign immunity insofar as it creates a private cause of action for damages against the state for conduct that actually violates the Fourteenth Amendment. The Court in *Georgia* set forth a three-part test to determine whether a plaintiff may sue a state for money damages under Title II of the ADA. The district court must determine "on a claim-by-claim basis, (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." *Georgia,* 126 S. Ct. at 882. This Court lacks sufficient information at this stage of the proceedings to make such a determination; therefore, the Court will order service of Plaintiff's ADA claim against the MDOC.

In addition to the MDOC, Plaintiff brings his ADA claim against Defendants Bonn and Purves in their person and official capacities. The ADA does not impose liability upon individuals. *See Lee v. Mich. Parole Bd.*, 2004 WL 1532563, at *1 (6th Cir., June 23, 2004); *Crumbaker v. McLean County, Ky.*, No. 02-5110, 2002 WL 1359364, at *2 (6th Cir. June 20, 2002). Thus, a prisoner may not maintain an action for damages against an individual defendant in his

personal capacity. Accordingly, the Court will dismiss Plaintiff's ADA claim against Bonn and Purves in their individual capacities.

### III. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

#### A. **Due Process**

Plaintiff claims that he was wrongfully terminated from his prison job without due process. The Sixth Circuit has consistently found that prisoners have no constitutionally protected liberty interest in prison employment under the Fourteenth Amendment. *See, e.g.*, *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (district court properly dismissed as frivolous the plaintiff's claim that he was fired from his prison job); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job"); *Carter v. Tucker*, No. 03-5021, 2003 WL 21518730, at *2 (6th Cir. July 1, 2003) (same). Morever, "as the Constitution and federal law do not create a property right for inmates in a job, they likewise do not

create a property right to wages for work performed by inmates." *Carter*, 2003 WL 21518730 at, *2 (citing *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991) and *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989)).  Under these authorities, Plaintiff fails to state a due process claim arising from the termination of his prison employment.

    B.  **Eighth Amendment**

    The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).  The deprivation alleged "must result in the denial of 'the minimal civilized measure of life's necessities.'"  *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-1 (6th Cir. 1998).  The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement."  *Rhodes*, 452 U.S. at 348.  Moreover, "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."  *Ivey*, 832 F.2d at 954.

    The type of conduct alleged by Plaintiff in this action, the termination of a prisoner from his prison job, does not rise to the level of an Eighth Amendment violation.  *See McKinley v. Bowlen*, 2001 WL 493394, at *2 (6th Cir. May 1, 2001) (placing medical restrictions on inmate which precluded particular prison job assignment did not violate Eighth Amendment); *Smith v. Sapp*, 1998 WL 384620, at *1 (6th Cir. June 19, 1998) ("[F]orcing an inmate to live without such privileges as bingo, a television, or a job does not constitute the infliction of serious pain necessary

to state an Eighth Amendment claim.") Accordingly, the Court also will dismiss Plaintiff's Eighth Amendment claim.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's claims against the MDOC on immunity grounds, except for his ADA claim. The Court also will dismiss Plaintiff's ADA claim against Defendants Bonn and Purves in their individual capacities. In addition, the Court will dismiss Plaintiff's Fourteenth Amendment due process and Eighth Amendment claims for failure to state a claim. The Court will order service of Plaintiff's ADA claim against the MDOC, and his Equal Protection and retaliation claims against Defendants Bonn and Purves.

An Order consistent with this Opinion will be entered.


Date:     April 3, 2007                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           CHIEF UNITED STATES DISTRICT JUDGE