UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

RONALD LAMONT DAVIS, #223815,   )
                                )
              Plaintiff,        )   Case No. 1:07-cv-200
                                )
v.                              )   Honorable Robert Holmes Bell
                                )
MICHIGAN DEPARTMENT OF          )
CORRECTIONS, et al.,            )   **MEMORANDUM OPINION**
                                )
              Defendants.       )
_____ )

This is a civil rights action brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq*. Plaintiff is currently an inmate at the Gus Harrison Correctional Facility (MSP) located in Adrian, Michigan. (docket # 62). The event giving rise to this lawsuit is plaintiff's loss of a prison food service job assignment in 2006 while plaintiff was an inmate at the Riverside Correctional Facility (RCF)[1] located in Ionia, Michigan. Plaintiff's complaint named three defendants: (1) Michigan Department of Corrections (MDOC); (2) RCF's Classification Director, Allen Bonn; and (3) RCF's Food Service Director, Brad Purves. The plaintiff's claims that survived initial screening were (1) an ADA claim against the MDOC; and (2) claims against defendants Bonn and Purves based on alleged violations of plaintiff's rights under the Equal Protection Clause and unlawful retaliation in violation of plaintiff's First Amendment rights. (docket # 5). The matter is now before the court

---

[1] The MDOC closed ECF on November 3, 2007.

on three motions: (1) defendants' motion to dismiss plaintiff's complaint for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a)(docket # 16); (2) plaintiff's motion for summary judgment against defendant MDOC (docket # 41); and (3) plaintiff's motion for summary judgment against defendants Bonn and Purves (docket # 43). For the reasons set forth herein, all three motions will be denied.

## Discussion

I.   **Defendants' Motion to Dismiss**

Defendants' "Motion to Dismiss" states, in its entirety, as follows: "Defendants Michigan Department of Corrections (MDOC), Alan Bonn, and Brad Purves, by counsel, move to dismiss this action on the grounds set forth in Defendants' accompanying brief." (docket # 16). The "supporting" brief (docket # 17) does not contain any discussion of the applicable standard of review, and it is devoid of any reference to any rule within the Federal Rules of Civil Procedure. Defendants' attorney's lack of focus on defendants' burden of proof has resulted in a fatally flawed motion that must be denied.

In *Jones v. Bock*, 127 S. Ct. 910 (2007), the Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA and that inmates are not required to specifically plead or demonstrate exhaustion of their complaints." 127 S. Ct. at 921. It is possible for a complaint to be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure where the allegations of the complaint itself show that the plaintiff is not entitled to relief. *See* 127 S. Ct. at 920-21. Defendants have not demonstrated that plaintiff's complaint itself establishes the lack of exhaustion required by 42 U.S.C. § 1997e(a).

Exhibits outside the pleadings may not generally be relied upon in ruling upon a Rule 12(b)(6) motion to dismiss. *See Benzon v. Morgan Stanley Distrib., Inc.*, 420 F.3d 598, 603 (6th Cir. 2005). Defendants' motion relies on evidence outside the pleadings. (docket # 17, Exhibits 1-3 and docket # 25, Exhibit 1). It would constitute reversible error to grant defendants' motion to dismiss in its present posture. *See Max Arnold & Sons LLC v. W. L. Hailey & Co.*, 452 F.3d 494, 502-04 (6th Cir. 2006).

Assuming *arguendo* that the court had converted defendants' motion to dismiss into a motion for summary judgment and provided plaintiff with notice and an opportunity to supplement his response, the defendants' motion would nonetheless be denied. Rule 56(e) requires that all documents supporting a motion for summary judgment be certified by affidavit. Defendants' attorney merely attached copies of unauthenticated papers to the motion. Unauthenticated documents may not be used to support a motion for summary judgment. *See Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994); *Moore v. Holbrook*, 2 F.3d 697, 698-99 (6th Cir. 1993); *see also Fox v. Michigan State Police*, 173 F. App'x 372, 375 (6th Cir. 2006). "[I]t is well established that hearsay evidence cannot be considered by a trial court ruling on a motion for summary judgment." *Tinsley v. General Motors Corp.*, 227 F.3d 700, 703 (6th Cir. 2000).

Accordingly, defendants' motion to dismiss (docket # 16) will be denied.

**II.    Plaintiff's Motions for Summary Judgment**

Plaintiff filed his motions for summary judgment on July 12, 2007, and defendants elected not to file a brief in response. The absence of a response does not entitle plaintiff to entry of judgment in his favor. The court must examine plaintiff's motions and the evidence and

determine whether plaintiff has satisfied his considerable burden as a plaintiff seeking summary judgment. Upon review, the court finds that plaintiff's motions are not supported by evidence sufficient to carry plaintiff's burden. *See Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001); *see also Jones v. City of Monroe*, 341 F.3d 474, 477 (6th Cir. 2003). Plaintiff's brief in support of his motion against defendant MDOC is not accompanied by supporting exhibits. The only "evidence" plaintiff marshaled in support of his motion against defendants Bonn and Purves consists of photocopies of pages from an ADA Handbook. (docket # 44, Exhibit A). Moreover, plaintiff has not focused on his claims that survived initial screening   Plaintiff persists in arguing that under the ADA he is entitled to an award of damages against Bonn and Purves in their individual capacities. (docket # 44). The court dismissed those claims with prejudice on April 3, 2007. (docket # 5). Plaintiff has not provided evidence sufficient to carry his burden of demonstrating his entitlement to summary judgment on his remaining claims. The evidence before the court is not so one-sided that no reasonable trier of fact could fail to find in plaintiff's favor. *See Arnett v. Myers*, 281 F.3d at 561.

Plaintiff is no longer an inmate at the Riverside Correctional facility. Plaintiff's claims for  injunctive relief against defendants Bonn and Purves are moot as a result of plaintiff's transfer to the Gus Harrison Correctional Facility. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Abdur-Rahman v. Michigan Dep't of Corrections*, 65 F.3d 489, 491 (6th Cir. 1995).

**Conclusion**

For the reasons set forth herein, plaintiff's motions for summary judgment (docket #'s 41, 43) will be denied. Plaintiff's claims for injunctive relief against defendants Bonn and Purves will be dismissed as moot. Defendants' motion to dismiss (docket # 16) will be denied.


Date:   April 4, 2008                     /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT JUDGE