UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RONALD LAMONT DAVIS, #223815, )
 )
         Plaintiff, )   Case No. 1:07-cv-200
 )
v. )   Honorable Robert Holmes Bell
 )
MICHIGAN DEPARTMENT OF )
CORRECTIONS, et al., )   **REPORT AND RECOMMENDATION**
 )
         Defendants. )
_____)

This is a civil rights action brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12132-33. Plaintiff is currently an inmate at the Gus Harrison Correctional Facility (ARF). (docket # 62). The event giving rise to this lawsuit is plaintiff's loss of his food service job at the Riverside Correctional Facility (RCF) on October 26, 2006. The State of Michigan closed RCF on November 3, 2007. The defendants are RCF's former Classification Director Allen Bonn, RCF's former Food Service Director Brad Purves, and the Michigan Department of Corrections (MDOC). Plaintiff's claims are: (1) ADA claims against the MDOC based on the termination of his employment and defendant Bonn's later decision not to reinstate plaintiff; and (2) Fourteenth Amendment Equal Protection Clause and First Amendment retaliation claims against defendant Bonn based on the same actions, and against defendant Purves based on the termination. Plaintiff sued defendants Bonn and Purves in their individual and official capacities. He seeks an award of monetary damages and injunctive relief.

The matter is now before the court on defendants' motion for summary judgment. (docket # 82). Defendants supported their motion with excerpts from the plaintiff's deposition (Ex. 1) and a November 1, 2006 memorandum written by defendant Bonn (Ex. 2). Defendants elected not to support their motion for summary judgment with affidavits explaining their reason(s) for firing plaintiff. Defendants did not submit or medical and other evidence directed to the issues of whether plaintiff was disabled within the meaning of the ADA or whether plaintiff was physically capable of performing the exertional and non-exertional demands of the food service jobs available at RCF in October and November of 2006. Plaintiff filed his response April 30, 2009 (docket # 86), and defendants' motion for summary judgment is ready for decision. For the reasons set forth herein, I recommend that the defendants' motion for summary judgment be granted in part and denied in part. I recommend that plaintiff's claims for injunctive relief be dismissed as moot and that defendants' motion be granted on plaintiff's section 1983 claims for damages against defendants Bonn and Purves in their official capacities. I recommend that the remainder of defendants' motion be denied.

**Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *S.S. v. Eastern Ky. Univ.*, 532 F.3d 455, 452 (6th Cir. 2008). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008)

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Helms v. Zubaty*, 495 F.3d 252, 255 (6th Cir. 2007). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252); *see Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 398 (6th Cir. 2007).

**Facts**

The following facts are beyond genuine issue. Plaintiff was an inmate at the Riverside Correctional Facility (RCF) at all times relevant to his complaint. He had diffuse degenerative disc disease, disc bulging, and scoliotic curvature of the spine, and was not able to walk without the aid of a cane. Plaintiff had obtained a health service medical accommodation for light duty work assignment. (Compl. ¶¶ 9-11). On June 10, 2006, RCF's Classification Director Black gave plaintiff a food service job assignment. (docket # 1, Ex. F). Two days later, Brad Purves, RCF's Food Service Director, fired plaintiff. On June 15, 2006, plaintiff filed a grievance demanding reinstatement and back pay. (*Id.*, Ex. H, Grievance No. RCF-06-06-00575-002A). Assistant Deputy Warden (ADW) Glenn was the author of the June 21, 2006 Step I grievance response. ADW Glenn found that plaintiff had been medically cleared to work in RCF's food service at a light duty assignment and that defendant Purves's firing plaintiff on the basis of his cane restriction was improper. Plaintiff was reinstated and awarded full back pay. (*Id.*).

After plaintiff was reinstated, defendant Purves informed plaintiff that he didn't want plaintiff working in RCF's kitchen and that he did not appreciate plaintiff's grievance against him. According to plaintiff, Purves announced that plaintiff would be fired as soon as RCF hired its new classification director. (Compl., ¶ 17). Plaintiff worked in his RCF food service job assignment for approximately four months and received mixed work reviews. He received a favorable review on July 31, 2006 for his work as a dining room worker. His work reviews as a pots and pans worker were less favorable, among other things, citing plaintiff for lack of productivity and for violating rules by eating ice cream on the job. (docket # 86, Ex. C).

Plaintiff was fired on October 26, 2006. He states in the alternative in his verified complaint that he was fired (1) "solely" because of his physical disability (docket # 1, ¶ 18); or (2) in retaliation for his protected conduct of filing his June 15, 2006 grievance against defendant Purves. (*Id.*, ¶¶ 40(B), 41(B)).

On November 1, 2006, Classification Director Bonn wrote this memorandum addressed to RCF's staff and prisoners regarding light duty job assignments:

> The purpose of this memorandum is to provide clarification to RCF Staff and Prisoners as to what assignment(s) RCF Prisoners with "Light Duty" Accommodations may be classified to. These work assignments are:
>
> 1.) 605 Tutor
> 2.) 651 Clerk
> 3.) 702 Library
> 4.) 702L Law Library
> 5.) Other positions deemed applicable by the Classification Director.
>
> Prisoners who have active H/S Accommodations for "Light Duty" may be reclassified from their current work assignments and placed on any of these "Light Duty" positions/pools for which they are otherwise qualified. Further, Prisoners may be qualified as "Medically Unemployable" in accordance with PD 05.01.100 for the duration of the H/S Accommodation for Light Duty; or until classified to a "Light Duty Assignment" by the Classification Director.
>
> H/S Accommodations for "Light Duty" shall be reviewed by the Classification Director on a case by case basis to determine each prisoner's eligibility for the work assignment requested by the prisoner or actively assigned to at the time of the H/S Accommodation[,] taking into account the nature and the duration of the H/S Accommodation.
>
> Any questions/concerns regarding "Light Duty" Assignments should be referred to the Classification Director.

(docket # 83, Ex. 2). Plaintiff did not apply for any of the above-listed light duty jobs. (Plf. Dep. at 17).

On November 1, 2006, plaintiff filed a grievance against defendant Bonn regarding his being fired. (docket # 1, Ex. A, Grievance No. RCF 06-11-0106-002A). On November 9, 2006, plaintiff met with Bonn. Plaintiff states that Bonn expressed agreement with defendant Purves's conclusion that work in RCF's kitchen was not "light work" because it involved lifting in excess of twenty pounds. Bonn informed plaintiff that he would not be receiving any work assignment until after he "signed off" on his grievance. Bonn denied plaintiff's request for a job in RCF's kitchen. (Compl., ¶¶ 22-34).

On March 2, 2007, plaintiff was transferred to the Mound Correctional Facility (NRF) where he remained for "a week to 11 days" before being transferred to the G. Robert Cotton Correctional Facility (JCF). (Plf. Dep. at 18). Plaintiff requested and received a job in JCF's kitchen. (*Id.* at 21).

## Discussion

### I. Mootness

Plaintiff's claims for injunctive relief regarding the conditions of his confinement at RCF are moot as a result of his present confinement at the Gus Harrison Correctional Facility (ARF). RCF has been closed since November 3, 2007. *See Cardinal v. Metrish*, 564 F.3d 794, 798-99 (6th Cir. 2009); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

### II. Eleventh Amendment Immunity

Plaintiff's section 1983 claims for monetary damages against defendants Bonn and Purves in their official capacities are barred by Eleventh Amendment immunity. Eleventh Amendment immunity is a threshold issue. *See Nair v. Oakland County Cmty. Mental Health Auth.*,

443 F.3d 469, 474 (6th Cir. 2006). A suit against a state officer in his official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). The Eleventh Amendment generally[1] bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Skinner v. Govorchin*, 463 F.3d 518, 524 (6th Cir. 2006). The State of Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004); *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Furthermore, States and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71. Defendants Bonn and Purves are entitled to judgment in their favor as a matter of law on plaintiff's section 1983 claims for monetary damages against them in their official capacities.

### III. Section 1983 Claims for Damages Against Defendants Bonn and Purves in their Individual Capacities

Plaintiff alleges that defendants Bonn and Purves violated his rights under the First Amendment and under the Fourteenth Amendment's Equal Protection Clause. Defendants have asserted the defense of qualified immunity.

---

[1] The well-recognized exception to the general rule is an action for prospective, non-monetary relief such as an injunction against a state officer in his or her official capacity based upon a claim that the state officer's action is unconstitutional. *See Ex Parte Young*, 209 U.S. 123 (1908); *see also Edelman v. Jordan*, 415 U.S. 651, 664 (1974); *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005)(*en banc*).

A. Qualified Immunity

"The purpose of the qualified immunity defense is to protect public officials from undue interference with their duties and from potentially disabling threats of liability." *Perez v. Oakland County*, 466 F. 3d 416, 426 (6th Cir. 2006). When a defendant raises the defense of qualified immunity, the plaintiff bears the burden of demonstrating that the defendant is not entitled to qualified immunity. *See Haynes v. City of Circleville*, 474 F.3d 357, 362 (6th Cir. 2007); *Baker v. City of Hamilton*, 471 F.3d 601, 605 (6th Cir. 2006).

In *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), the Supreme Court held that "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818; *see Hudson v. Hudson*, 475 F.3d 741, 744 (6th Cir. 2007). The question whether qualified immunity attaches to an official's actions is a purely legal issue for the court. *See Fox v. DeSoto*, 489 F.3d 227, 235 (6th Cir. 2007); *Swiecicki v. Delgado*, 463 F.3d 489, 497 (6th Cir. 2006).

The Supreme Court's decision in *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001), endorsed a two-prong analysis for addressing qualified immunity issues. The first prong is whether the plaintiff has alleged and supported with evidence[2] facts showing that the defendant's conduct

---

[2] A qualified immunity defense can be asserted at various stages of the litigation, including the summary judgment stage. *See English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994). The qualified immunity inquiry at the summary judgment stage is distinguished from the Rule 12(b)(6) stage in that generalized notice pleading no longer suffices, and the broader summary judgment record provides the framework within which the actions of each individual defendant must be evaluated. *See Riverdale Mills Corp. v. Pimpare*, 392 F.3d 55, 62 (1st Cir. 2004). At the summary judgment stage, a plaintiff may not rely on his pleadings. Rather, the issue is whether "the plaintiff has offered sufficient evidence to indicate that what the official did was objectively unreasonable in light of the clearly established constitutional rights." *Champion v. Outlook Nashville, Inc.*, 380 F.3d

violated a constitutional or statutory right. *Saucier*, 533 U.S. at 201; *see Scott v. Harris*, 550 U.S. 372, 377 (2007); *Marvin v. City of Taylor*, 509 F.3d 234, 244 (6th Cir. 2007). The second prong of the qualified immunity inquiry is whether the right was "clearly established" at the time of the defendant's alleged misconduct. *Saucier*, 533 U.S. at 201. Judges are permitted to exercise their "sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances." *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009).

1. First Amendment Claims

Defendants Bonn and Purves argue that they are entitled to summary judgment on plaintiff's First Amendment retaliation claims based on the first prong of the qualified immunity analysis.[3] On summary judgment, a plaintiff asserting a First Amendment retaliation claim must present evidence on which a reasonable trier of fact could find (1) that the plaintiff had engaged in conduct protected by the First Amendment; (2) that an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from engaging in that conduct; and (3) that the adverse action taken against the plaintiff was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*); *see Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008). The plaintiff has the burden of proof on all three elements. *See, e.g.*, *Murray v. Evert*, 84 F. App'x 553, 556 (6th Cir. 2003).

---

893, 905 (6th Cir. 2004).

[3]Defendants' brief contains a sentence stating that defendants "are entitled to qualified immunity because the law was not clearly established," without further elaboration. (Def. Brief at 3, docket # 83). Generally, the court will not address issues raised in this perfunctory manner. *See Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007). It is pellucid that the law prohibiting retaliation against a prisoner for the filing of a non-frivolous grievance was "clearly established" long before October 2006. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*).

Plaintiff filed two grievances. Defendants do not dispute that the filing of these grievances constituted protected conduct. They concede that a reasonable trier of fact could find that terminating plaintiff's employment at RCF constituted an adverse action. (Def, Brief at 5). Defendants' argument is based on the third element of a retaliation claim and is set forth verbatim and in its entirety below:

> Plaintiff asserts that he was terminated from his job "solely because of [his] physical disability." (Complaint, ¶¶ 18, 31). Being disabled is not protected conduct for a First Amendment retaliation claim. Because plaintiff admits in his complaint that his disability--not his grievances--formed the *sole* basis for his termination, he has failed to establish a retaliation claim. Defendants Bonn and Purves are entitled to qualified immunity on this claim.

(Def. Brief at 5). Defendants' argument is meritless. Under Rule 8 of the Federal Rules of Civil Procedure plaintiff was allowed to plead alternative theories. FED. R. CIV. P. 8; *see Regional Airport Auth. of Louisville v. LFG, LLC*, 460 F.3d 697, 711 (6th Cir. 2006). Defendants ignore the portion of plaintiff's complaint stating that he was terminated on the basis of his protected conduct of filing a grievance. Defendants did not support their motion for summary judgment with affidavits stating who fired plaintiff and why. Their brief did not address plaintiff's retaliation claim against defendant Bonn based on his November 9, 2006 decision against assigning plaintiff to a food service job in retaliation for plaintiff's filing Grievance No. RCF 06-11-0106-002A. I find that defendants are not entitled to summary judgment on plaintiff's First Amendment retaliation claims.

2. Equal Protection Clause Claims

Plaintiff alleges that the termination of his employment and failure to reinstate him violated his rights under the Fourteenth Amendment's Equal Protection Clause. (Compl. at 18, 20). Defendants argue that they are entitled to summary judgment based on the first prong of the qualified

immunity analysis. (Def. Brief at 4). Defendants are correct that "[d]isabled persons are not a suspect class for purposes of an equal protection challenge." *S. S. Eastern Ky. Univ.*, 532 F.3d 445, 457 (6th Cir. 2008). A state may therefore treat disabled persons differently without offending the Equal Protection Clause, "so long as its actions are rationally related to some legitimate governmental purpose." *Id.* Defendants then argue that plaintiff failed to present sufficient evidence that their actions lacked a rational relationship to a legitimate governmental purpose:

> Plaintiff Davis has the "burden of showing that the defendants' actions bore no rational relationship to a legitimate governmental purpose." [*S. S. v. Eastern Ky. Univ.*, 532 F.3d at 458.]
> Here, Plaintiff has failed to establish his burden. He was denied employment in the kitchen -- a physically demanding assignment -- because he had a "light duty" restriction. In a fast-paced kitchen, having someone walking around with a cane could certainly cause disruptions. Maintaining a safe and efficient working environment is a legitimate governmental purpose. Moreover, plaintiff could have pursued other jobs that were offered, but he refused. For him, it was a kitchen job or nothing. In short, Plaintiff failed to establish his Equal Protection claim and he has failed to show that Defendants Bonn and Purves are not entitled to qualified immunity on this claim.

(Def. Brief at 3). Plaintiff presented evidence that he worked in RCF's kitchen for four months and that he generally received favorable work reviews. This is evidence on which a reasonable trier of fact could find that defendants' actions of terminating plaintiff's employment and defendant Bonn's decision denying plaintiff's request to return to work in RCF's kitchen were not rationally related to a legitimate governmental purpose. Defendants did not present evidence regarding the physical demands of the food service jobs available in October and November of 2006, the "pace" those jobs required, or how a prisoner with a cane would necessarily disrupt work or pose a threat to a safe and efficient working environment. Lawyers' arguments are no substitute for proof. I find that defendants are not entitled to summary judgment on plaintiff's Equal Protection Clause claims.

**IV. ADA Claims**

Defendant MDOC argues that because there was "no conduct that would independently support a Fourteenth Amendment violation," sovereign immunity bars plaintiff's claims under Title II of the ADA:[4]

> In *United States v. Georgia* [546 U.S. 151, 159 (2006)], the Supreme Court held that "insofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." For example, if conduct is "cruel and unusual" in violation of the Eighth Amendment (made applicable to the states through the Fourteenth Amendment), then an ADA claim based on that same conduct could be brought against the State. Here, there was no conduct that would independently support a Fourteenth Amendment violation. Consequently, in this case the MDOC's sovereign immunity under the Eleventh Amendment has not been abrogated and Plaintiff has failed to establish a claim.

(Def. Brief at 6). Defendant is incorrect. As shown in the previous section, there is evidence on which a reasonable trier of fact could find that the MDOC violated plaintiff's rights under the Fourteenth Amendment's Equal Protection Clause. Thus, under the standard announced by the Supreme Court in *United States v. Georgia*, plaintiff's ADA claims are not barred by sovereign immunity.

---

[4] In 2007, the court dismissed plaintiff's ADA claims against defendants Bonn and Purves in their individual capacities. (docket # 5). The Sixth Circuit has since definitively held that, "Title II of the ADA does not [] provide for suit against a public official in his individual capacity." *Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009). Although plaintiff sued defendants Bonn and Purves in their official capacities, it makes no sense to refer to defendants Bonn and Purves in that way because RCF closed almost two years ago. A suit against a state officer in his official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71.

The ADA Amendments Act of 2008, which became effective on January 1, 2009, Pub. L. No. 110-325, § 8, 122 Stat. 3553, do not apply retroactively to govern conduct occurring before the Act became effective. *See Milholland v. Sumner County Bd. of Educ.*, 569 F.3d 562 (6th Cir. 2009).

**Recommended Disposition**

For the foregoing reasons, I recommend that defendants' motion for summary judgment (docket # 82) be granted in part and denied in part. I recommend that plaintiff's claims for injunctive relief be dismissed as moot and that defendants' motion be granted on plaintiff's section 1983 claims for damages against defendants Bonn and Purves in their official capacities. I recommend that the remainder of defendants' motion be denied.


Dated: July 27, 2009          /s/ Joseph G. Scoville
                              United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).